**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: (702) 257-1997
Facsimile: (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LELA MCGEE, individually,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; DOES 1-V; and ROE CORPORATIONS II-V, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:20-cv-00345-KJD-DJA<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Defendant, TARGET CORPORATION (hereinafter "DEFENDANT"), by and through its counsel of record, the law firm of LINCOLN, GUSTAFSON & CERCOS, LLP, and responds to Plaintiff's Complaint, and admits, denies and alleges as follows:

## **GENERAL ALLEGATIONS**

1.　　In answering the allegations in Plaintiff's Complaint, Paragraph 1, this answering Defendant admits the allegations contained therein.

2.　　In answering the allegations in Plaintiff's Complaint, Paragraph 2, this answering Defendant admits the alleged incident occurred in Clark County, Nevada. This answering Defendant denies all other averments.

3.　　In answering the allegations in Plaintiff's Complaint, Paragraph 3, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

4. In answering the allegations in Plaintiff's Complaint, Paragraph 4, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

5. In answering the allegations in Plaintiff's Complaint, Paragraph 5, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

6. In answering the allegations in Plaintiff's Complaint, Paragraph 6, this answering Defendant is without sufficient knowledge and information necessary to form a belief as to the truth or veracity of said allegations and on that basis therefore denies the same.

7. In answering the allegations in Plaintiff's Complaint, Paragraph 7, this answering Defendant denies the allegations contained therein.

8. In answering the allegations in Plaintiff's Complaint, Paragraph 8, this answering Defendant denies the allegations contained therein.

## FIRST CAUSE OF ACTION

### (Negligence)

9. In answering the allegations in Plaintiff's Complaint, Paragraph 9, this answering Defendant incorporates by reference its responses set forth in paragraphs 1 through 8 above.

10. In answering the allegations in Plaintiff's Complaint, Paragraph 10, this answering Defendant states the allegations therein constitute conclusions of law and, thus, require no answer. However, to the extent they constitute allegations of fact, upon information and belief, Defendant denies said averments.

11. In answering the allegations in Plaintiff's Complaint, Paragraph 11, this answering Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### I.

This answering Defendant is informed and believes and thereon alleges that Plaintiff's Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

**II.**

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the doctrine of unclean hands of Plaintiff and/or other entities or individuals, whether or not parties herein.

**III.**

This answering Defendant is informed and believes and thereon alleges that the claims of Plaintiff are reduced, modified and/or barred by the doctrine of laches.

**IV.**

This answering Defendant is informed and believes and thereon alleges that Plaintiff, by her conduct, and/or by the conduct of other entities and/or individuals, whether or not parties herein, are estopped from asserting any claim(s) for damages or seeking any other relief against this answering Defendant.

**V.**

This answering Defendant is informed and believes and thereon alleges that the causes of action set forth in the Complaint are barred pursuant to the provisions of NRS Sections 11.190, 11.202, 11.2055, et seq.

**VI.**

This answering Defendant is informed and believes and thereon alleges that damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

**VII.**

This answering Defendant is informed and believes and thereon alleges that at all times mentioned herein, Plaintiff was negligent, careless, reckless, and unlawfully conducted herself so as to directly and proximately contribute to the happening of the incident and the occurrence of Plaintiff's claimed damages, all of which said negligence either bars completely or partially the damages sought herein.

### VIII.

This answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages if any and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on her part, or by expenditures that might reasonably having been made, and, therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate her damages.

### IX.

This answering Defendant is informed and believes and thereon alleges that the injuries and damages of which Plaintiff complains were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities and that said acts were intervening and superseding causes of the injuries and damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against this answering Defendant.

### X.

This answering Defendant is informed and believes and thereon alleges that Plaintiff expressly, voluntarily and knowingly assumed all risks about which she complains in her Complaint, and therefore, is barred either totally or to the extent of said assumption from any damages.

### XI.

It has been necessary for this answering Defendant to retain the services of an attorney to prosecute this action and it is entitled to a reasonable sum as and for attorneys' fees.

### XII.

At all times relevant herein, this answering Defendant acted diligently and with due care in the performance of any duty owed to Plaintiff, if any.

### XIII.

The incident alleged in Plaintiff's Complaint, and resulting damages, if any, were caused or contributed to by Plaintiff's own negligence which was greater than any negligence attributed to this answering Defendant, which is expressly denied by this answering Defendant.

///

///

### XIV.

This answering Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery of any special damages for failure to specifically allege the types of special damages pursuant to FRCP 9(g).

### XV.

This answering Defendant alleges that the damages, if any, to Plaintiff, as alleged, were proximately caused by a new, independent, and efficient intervening cause and not by any alleged negligence on the part of this answering Defendant.

### XVI.

Pursuant to F.R.C.P. 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, this answering Defendant reserves the right to amend this Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Defendant has judgment against Plaintiff dismissing the Complaint on its merits;

2.   That Defendant has judgment against Plaintiff for its reasonable attorneys' fees and costs of suit; and

3.   For such other and further relief as the court deems just and proper.

DATED this __16__ day of March, 2020.

LINCOLN, GUSTAFSON & CERCOS, LLP

_____
LOREN S. YOUNG, ESQ.
Nevada Bar No. 7567
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Attorneys for Defendant, TARGET CORPORATION

v \k-o\mcgee_target\atty notes\drafts\pldgs\20200227_ans_bjp.docx

**Lela McGee v. Target Corporation**
**Case No. 2:20-cv-00345-KJD-DJA**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of LINCOLN, GUSTAFSON & CERCOS, LLP, and that on this 16th day of March, 2020, I did cause a true and correct copy of the foregoing **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to be served via the CM/ECF filing system to all parties on the service list as follows:

Gregory G. Gordon, Esq.
LERNER & ROWE INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, NV 89147
(702) 877-1500
ggordon@lernerandrowe.com
Attorneys for Plaintiff

_____
Barbara J. Pederson, an employee
of the law offices of
Lincoln, Gustafson & Cercos, LLP

V:\K-O\McGee_Target\POS\20200316_ANS_bjp.doc

-1-