UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LELA McGEE, | Case No. 2:20-cv-00345-KJD-DJA |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE** |
| v. | |
| TARGET CORPORATION; DOES I-V; and ROE CORPORATIONS II-V, | |
| Defendants. | |

Before the Court is Plaintiff's Motion *in Limine* to Exclude Defendant's Expert Aubrey Corwin from Testifying (ECF #22). Defendant responded in opposition (ECF #23) and Plaintiff filed a reply without first seeking leave of the Court. (ECF #26).

I.  Factual and Procedural Background

Plaintiff Lela McGee ("McGee") initiated this personal injury action against Defendant Target Corporation ("Target") on January 15, 2020 in Nevada state court. (ECF #1). Target then removed the action to this Court on February 18, 2020. Id. McGee was injured when she tripped on a piece of metal that was bolted to the floor of Target's store. (ECF #22, at 3). During discovery, McGee designated Dr. Jason Garber ("Dr. Garber") to offer medical opinions regarding her injuries and medical treatment, and Dr. Stan V. Smith ("Dr. Smith"), an economist, to offer opinions regarding McGee's past and future wage loss. Id.

Target designated Aubrey Corwin ("Corwin") as a rebuttal expert witness to respond to Dr. Garber and Dr. Smith. Id. at 3. Corwin's report contains her opinions regarding McGee's life care plan cost, vocational rehabilitation analysis, and loss of earning capacity. Id. at 6. McGee then filed the instant motion to exclude Corwin's testimony.

II.  Legal Standard

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion *in limine*, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

III.  Analysis

A.  Corwin's Testimony

McGee argues that, for many reasons, Corwin's testimony should be excluded. Not only does McGee argue that Corwin is not qualified to offer expert opinion, but she argues that Corwin's report is an improper rebuttal opinion, is entirely cumulative and reliant on another expert's opinion, and contradicts the law. The local rules require a party to seek leave of court to file a reply to a response of a motion *in limine*. LR 16-3(a). McGee did not seek leave to file her reply and the reply will not be considered.

The Court finds that Corwin is qualified to give expert testimony. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert opinion. Expert opinion is admissible if

> "(1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient fact or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case."

City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1043 (9th Cir. 2014).  A district court's inquiry into admissibility is a flexible one and the trial court is a gatekeeper, not a fact finder. Id. (citations omitted). When an expert "meets the threshold established by Rule 702 as explained in

Daubert, the expert may testify and the jury decides how much weight to give that testimony." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010).

Expert testimony must be relevant and reliable. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993). The testimony is relevant "if the knowledge underlying it has a valid connection to the pertinent inquiry" and it is reliable if "the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." Primiano, 598 F.3d at 565. Judges are "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960, 969 (9th Cir. 2013). The trial court "has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable." Primiano, 598 F.3d at 564.

Corwin received a Master of Science degree in Rehabilitation Psychology from the University of Wisconsin-Madison and has practiced life care planning for approximately 12 years. (ECF #22-1, at 6). Corwin is also a licensed professional counselor by the Arizona Board of Behavioral Health Examiners, a Certified Rehabilitation Counselor by the Commission on Rehabilitation Counselor Certification, and a Certified Life Care Planner by the International Commission on Health Care Certification. Id. As a rehabilitation counselor, Corwin specializes in assessing an individual's ability to work and earn wages. Id. Corwin refers to this practice as a "vocational assessment" or "earning capacity evaluation" and has performed "thousands of evaluations" over the course of her career. Id. The Court finds that Corwin is sufficiently qualified by skill, education, and experience to provide expert testimony that will help the jury determine a fact in issue. Corwin's report is based on her interview with McGee, her review of other expert witness reports, and the methods laid out in the report. Such methods appear to be reliable, and Corwin's report relies on the methods in making her conclusions. Therefore, Corwin is qualified to testify as an expert.

McGee's concerns regarding Corwin's report, such as the databases Corwin used and Corwin's reliance on her interview with McGee and Dr. Rimoldi's report, do not go unnoticed by the Court. However, the Court finds that addressing them on cross-examination is a better course of action than complete exclusion. "Shaky but admissible evidence is to be attacked by

cross-examination, contrary evidence, and attention to the burden of proof, not exclusion." Primiano, 598 F.3d at 564. District courts are not tasked with "deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." Alaska Rent-A-Car, 738 F.3d at 969–70. Corwin's testimony has substance and would be helpful to a jury.

McGee's final argument is that Corwin is not qualified to give an opinion regarding the cost or economic impact of McGee's injuries. Target argues that Corwin is an expert "in the areas of vocational rehabilitation, loss of earnings capacity, and life care planning" and that her work "regularly overlaps that of economics and forensic economics, particularly in the area of loss of past and future wages and household services analysis. (ECF #23, at 3). "Generally, rehabilitation counselors and life care planners provide opinions regarding costs associated with a plaintiff's alleged damages." Id. While Corwin may not have an education in economics, her professional experience entails some economic analysis. That portion of her report can be addressed on cross-examination and the jury will decide how much weight to give it.

### B. Motion to Strike

Target filed a motion to strike McGee's replies to the responses of her motions *in limine*. (ECF #34). Target argues that Local Rule 16-3 prohibits parties from filing replies on motions *in limine* without first obtaining leave from the court. McGee did not obtain or seek such leave before filing her replies. McGee agrees that the local rules prohibit replies for motions *in limine* but argues that the rule does not apply to her motions *in limine*. She argues that the rule applies to motions regarding specific pieces of evidence, not general motions to exclude experts.

The Court does not see why the local rule should not apply to McGee's motions *in limine*. McGee could have filed her motions merely as motions to exclude. Instead, she filed them as motions *in limine*. As such, the rules regulating motions *in limine* apply. McGee cannot file a reply without first seeking leave of court and her replies shall be stricken from the record.

//
//
//

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion *in Limine* to Exclude (ECF #22) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF #34) is **GRANTED**.

IT IS FINALLY ORDERED that Plaintiff's replies (ECF #25/26) shall be stricken from the record.

Dated this 17th day of June, 2022.

_____
Kent J. Dawson
United States District Judge