UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LELA McGEE, | Case No. 2:20-cv-00345-KJD-DJA |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE** |
| v. | |
| TARGET CORPORATION; DOES I-V; and ROE CORPORATIONS II-V, | |
| Defendants. | |

Before the Court is Defendant's Motion *in Limine* to Exclude Plaintiff's Expert Jason Garber, M.D. from Testifying (ECF #31). Plaintiff responded in opposition (ECF #33) and Defendant filed a Motion for Leave to File Reply to Plaintiff's Response (ECF #35).

I.    <u>Factual and Procedural Background</u>

Plaintiff Lela McGee ("McGee") initiated this personal injury action against Defendant Target Corporation ("Target") on January 15, 2020 in Nevada state court. (ECF #1). Target then removed the action to this Court on February 18, 2020. <u>Id.</u> McGee was injured when she tripped on a piece of metal that was bolted to the floor of Target's store. (ECF #22, at 3). During discovery, McGee designated Dr. Jason Garber ("Dr. Garber") to offer medical opinions regarding her injuries and medical treatment, and Dr. Stan V. Smith ("Dr. Smith"), an economist, to offer opinions regarding McGee's past and future wage loss. <u>Id.</u>

Dr. Garber is the neurosurgeon who performed McGee's fusion surgery. (ECF #33, at 2). He is a board-certified surgeon with more than 20 years of experience performing spine surgery. <u>Id.</u> He offered his expert opinion that McGee will more likely than not require additional surgery in the future for adjacent segment breakdown in her spine. <u>Id.</u> Dr. Garber received a medical degree from the University of Texas Health Science Center in 1995, followed by an internship

and residency at the Baylor College of Medicine in Houston, Texas. Id. at 4. He then completed a fellowship in spine surgery at the Medical College of Wisconsin. Id. McGee designated Dr. Garber as an expert witness and he issued a report and was deposed. Id. (citing Dr. Garber's deposition testimony).

## II. Legal Standard

"A motion *in limine* is a procedural mechanism made in advance to limit testimony or evidence in a particular area" and is "entirely within the discretion of the Court." Diamond X Ranch, LLC v. Atlantic Richfield Co., No. 3:13-cv-00570-MMD-WGC, 2018 WL 2127734, at *1 (D. Nev. May 8, 2018). A "motion *in limine* should not be used to resolve factual disputes or weigh evidence." IGT v. Alliance Gaming Corp., No. 2:04-cv-1676-RCJ-RJJ, 2008 WL 7084605, at *2 (D. Nev. Oct. 21, 2008). "To exclude evidence on a motion *in limine*, 'the evidence must be inadmissible on all potential grounds.'" Diamond X Ranch, 2018 WL 2127734, at *1 (quoting Indiana Ins. Co. v. General Elec. Co., 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

## III. Analysis

Target does not argue that Dr. Garber is not qualified to testify as an expert regarding the surgery he performed on McGee or her sustained injuries. The Court agrees that Dr. Garber is sufficiently qualified to offer expert testimony, as he has been a neurosurgeon for over 20 years. Target's argument is that Dr. Garber is not a certified life care planner and should not be permitted to testify regarding a life care plan, and that Dr. Garber failed to include the literature he relied upon in his expert report, as required by Federal Rule of Civil Procedure 26 so his report cannot be used at trial.

Dr. Garber failed to include the articles he relied on from the Spine Journal Liability and presented at the International Society for Advancement of Spinal Surgery and NASS. He uses those articles to conclude that "individuals are subjected to developing adjacent segment disease or transitional level syndrome of roughly one to four percent per year on a cumulative basis." But then he says, "in my treatment of patients for lumbar or cervical fusions for that matter, I use two percent per year as a risk of developing adjacent segment disease." That indicates that Dr.

Garber does not rely on the literature for his entire testimony, but on his own practice and experience. He then continues, stating, "what's also important in the literature that has come out in the last couple of years, is that up to 30 percent of individuals within the first 10 years after a fusion can develop adjacent segment disease necessitating surgery." It is unclear what literature Dr. Garber refers to exactly because it was not included in his expert report. Because it was not provided, Rule 26(a) states that it must not be used in trial, unless "the failure was substantially justified or is harmless." FED. R. EVID. 37(c)(1). If a supplement is needed, it must be made at lest 90 days before the date set for trial or for the case to be ready for trial or by stipulation or court order. Id. at 26(a)(2)(D)(i).

McGee did not attempt to argue that the failure was substantially justified, arguing instead that the failure was harmless because she has provided Target with the articles since. Target states that McGee provided articles but not as a supplement to the expert report and without certification that the articles are in fact the literature Dr. Garber referenced in his deposition. If Dr. Garber intends to rely on literature while testifying, he must properly supplement his expert report at least 90 days before trial or by leave of court. If not, then he will only be permitted to testify based on his own knowledge, education, and experience. However, the Court will not exclude his testimony at this time.

Regarding Dr. Garber's qualification to testify about a life care plan, the Court finds that Target's arguments to exclude the testimony are more of an attack on the weight of the evidence, not the admissibility. Target argues that Dr. Garber is not a certified life care planner and should not be permitted to testify as to a life care plan. Specifically, Target argues that Dr. Garber's testimony that McGee will more likely than not require additional surgery during her life is faulty because the surgery would be outside McGee's life expectancy. McGee argues that Target can attack Dr. Garber's testimony regarding future surgery on cross-examination and that as a surgeon, Dr. Garber is "involved in short term follow up, as well as post-surgical care in the long-term following spine surgery, including the potential need for additional surgical procedures following an initial spine surgery." (ECF #33, at 10). Dr. Garber's experience as a neurosurgeon and as McGee's treating physician is sufficient to offer a testimony regarding her

recovery and potential need for surgery in the future. Just like Target's life care planner, who is not an economist, has sufficient economic experience because of her experience as a life care planner, Dr. Garber, who is not a licensed life care planner, has sufficient experience to offer his testimony because of his practice as a neurosurgeon. The jury will determine his credibility and the weight to give his testimony. Therefore, Dr. Garber's testimony will not be excluded.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion *in Limine* to Exclude (ECF #31) is **DENIED**.

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Reply to Plaintiff's Response (ECF #35) is **GRANTED**.

Dated this 17th day of June, 2022.

_____
Kent J. Dawson
United States District Judge