UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LELA MCGEE,

Plaintiff,

v.

TARGET CORPORATION,

Defendant.

Case No. 2:20-cv-00345-KJD-EJY

**ORDER – Denying Motions for Attorneys' Fees (ECF Nos. 114/143)**

Presently before the Court are Defendant's Motions for Attorneys' Fees (ECF Nos. 114/143). Plaintiff filed a response in opposition (ECF No. 116) to which Defendant replied (ECF No. 122). For the reasons stated below, Defendant's motion is denied.

I.      Factual and Procedural Background

This case arises out of a slip-n-fall accident that occurred while Lela McGee ("Plaintiff") was visiting one of Target Corporation's ("Defendant") Nevada stores. While visiting the store, Plaintiff allegedly tripped over a metal end cap guard that was secured to the ground, causing catastrophic spinal injuries to herself and a minor cut to the front of her left shin. Based on those injuries, Plaintiff initiated this action against Defendant, asserting a single claim of negligence and seeking $3.6 million in damages for her spinal injuries.

Over the course of a 5-day trial, the jury was presented with multiple pieces of evidence (e.g., Target's security camera footage and incident report and photos of Plaintiff's shoe) and testimony from various individuals. Of these individuals, two medical experts, Dr. Rimoldi for Defendant and Dr. Garber for Plaintiff, testified as to whether the alleged fall could have caused Plaintiff's spinal injuries. At the conclusion of trial, the jury found that Defendant had breached its duty of care, but that breach was not the proximate cause of Plaintiff's spinal injuries. The jury awarded Plaintiff no compensation for her injuries. Defendant now moves for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d).

II.    Legal Standard

Federal Rule of Civil Procedure 54(d) states: "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "Unless a state or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award: (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B)(i)-(iv). "A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).

III.    Attorneys' Fees

Defendant seeks $270,565.00 in attorneys' fees pursuant to Nevada Rule of Civil Procedure 68(f). (ECF No. 143 at 2.) Under Nevada law, "a prevailing defendant is entitled to recover attorneys' fees if an offer of judgment is rejected." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1281 (9th Cir. 1999); see Nev. Rev. Stat. § 17.117; Nev. R. Civ. P. 68(f). Specifically, NRCP 68(f) allows a defendant to collect "reasonable attorney fees," if the plaintiff rejects an offer and fails to obtain a more favorable judgment. Nev. R. Civ. P. 68(f)(1)(B). Here, Defendant made an offer of judgment to Plaintiff on April 23, 2021, for $192,000.00. (#114, at 6). At trial, the jury awarded Plaintiff no compensation for her injuries. Therefore, the Court has discretion to issue attorneys' fees under NRCP 68(f).

In determining whether to award attorneys' fees, "[a] court must carefully evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendant['s] offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." MRO Commc'ns, Inc., 197 F.3d at 1283 (quoting Beattie v. Thomas, 668 P.2d 268, 274 (Nev. 1983)). No one factor is determinative, and the Court has broad discretion to

1    award fees so long as all appropriate factors are considered. <u>Furniture Royal, Inc. v. Schnadig</u>

2    <u>Int'l Corp</u>, No. 2:18-CV-318-JCM-DJA, 2020 WL 13611245, at *2 (D. Nev. Nov. 2, 2020)

3    (citing <u>Yamaha Motor Co., U.S.A. v. Arnoult</u>, 955 P.2d 661, 673 n.16 (Nev. 1998)). In addition,

4    the Court is not required to make explicit findings on every factor to adequately exercise its

5    discretion. <u>Certified Fire Prot. Inc. v. Precision Constr.</u>, 283 P.3d 250, 258 (Nev. 2012).

6         Upon weighing the factors, the Court finds that an award of attorneys' fees is not warranted

7    in this case. Although the Court finds that Defendant's offer of judgment was reasonable and in

8    good faith, Plaintiff's decision to reject Defendant's offer of judgment was not "grossly

9    unreasonable or in bad faith." <u>See</u> <u>Beattie</u>, 668 P.2d at 274. In arguing that Plaintiff's decision to

10   reject the offer of judgment was unreasonable, Defendant asserts that "at the time of the offer,

11   Plaintiff knew the pertinent facts of the case and with the assistance of her counsel, had the

12   ability to narrow the scope of her claims and could reasonably evaluate the reasonableness of the

13   offer." (ECF No. 114 at 9). And "[b]y rejecting the offer and choosing to proceed through the

14   remainder of discovery, preparation for and going through trial, Plaintiff was aware that she was

15   exposing herself to the risk of an award of attorneys' fees if she did not receive a more favorable

16   outcome at trial." <u>Id.</u> While the Court agrees with Defendant that Plaintiff was presumably aware

17   of this, it doesn't automatically equate to a finding that it was grossly unreasonable for Plaintiff

18   to reject Defendant's offer.

19        In order to succeed on her negligence claim, Plaintiff had to prove: (1) that Target owed her a

20   duty of care; (2) that Target breached that duty; (3) the breach was the legal cause of her harm;

21   and (4) that she was harmed. <u>Momox-Caselis v. Donohue</u>, 978 F.3d 835, 847 (9th Cir. 2021).

22   Although a claim of negligence is not an inherently difficult legal question, it most often

23   involves a complex factual analysis that must be undertaken by the jury, as was the issue in this

24   matter. At the onset of trial, whether reasonable or not, Plaintiff believed that the jury would

25   view the facts according to how she saw and litigated them. And at trial, the jury found that

26   Plaintiff had met her burden as to the first two elements, but Plaintiff was unable to convince the

27   jury that Defendant's breach was the cause of her injuries. The fact that Plaintiff was able to

28   succeed on at least two elements shows that Plaintiff correctly assumed the case was worth

1  taking to trial in the first place. The mere fact that Plaintiff was unsuccessful at trial does not

2  mean her rejection of Defendant's offer was grossly unreasonable. Thus, the Court finds that the

3  factors weigh against awarding attorneys' fees.

4      IV.    Conclusion

5      Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motions for Attorneys' Fees

6  (ECF Nos. 114/143) are **DENIED**.

7  DATED: March 31, 2025

8

9

10                                          _____
                                            Kent J. Dawson
                                            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28